WILL OF MUSKAT: MUSKAT, Appellant, vs. MUSKAT and others, Respondents.

*February 10—March 9, 1937.*

248

*George P. Ettenheim* of Milwaukee, for the appellant.

For the respondents there was a brief by *Becker & Meldman*, attorneys, *Herbert Morse*, guardian *ad litem*, and *Leonard Bessman* of counsel, all of Milwaukee, and oral argument by *Mr. Edward H. Meldman* and *Mr. Morse*.

FAIRCHILD, J. The portions of the will which are the subject of controversy direct the division of "all the rest, residue and remainder" of testator's estate in a certain manner. This residue is that which remains after the exigencies of the tes-

tator's own experience between the making of the will and his death, after the payment of specific and general legacies, and the discharge of all lawful claims. Subjection to contingencies is the fortune of residuary gifts (*Estate of Ferguson,* 138 Pa. 208, 20 Atl. 945), and one of the contingencies which may reduce the amount of the residue, in the absence of an expression of a contrary intention, is the statutory claim made by the widow. *Will of Bradley,* 123 Wis. 186, 101 N. W. 393. There is, in this will, no expression of intention strong enough to overcome the plain and well-established meaning of the word "residue." One cannot say that the testator intended appellant to have the benefit of any fixed amount. He cannot touch the corpus, nor can he have income except when and as earned. Upon failure of assets, or if the yield decrease, no provision is made for supplementing income or to meet necessities or emergencies. No minimum amount is suggested. There are no words used clear enough to establish a preference. The trial court considered that the sixth paragraph of the will was but an explanation to those who might be curious about or interested in the father's reason for treating one son differently than he treated the other so far as absolute control of property was concerned. We agree that there exists in that paragraph no suggestion of a preference or definite gift to lead to a conclusion different from that reached by the trial court.

The son, Irving, and the daughter, Helen, by the terms of the will, were intended to take the corpus of each trust at the death of the respective life tenant, Irving absolutely and Helen in trust. Under the decision of the trial court, their interest in the corpus of the half intended for the widow is accelerated by her election. Does this result in a distortion in the provisions of the will since, although the interests of appellant and the other children are all depleted in amount, the latter receive the benefit of accelerated enjoyment which

is not offset by any proportional benefit to appellant? We think not, and certainly there is no substantial distortion. The death of the widow occurred within nine months after that of the testator. If there were substantial distortion, the taking by those succeeding to the widow's interest would have to be suspended and the increment of that part of the estate, during her life, used to replenish the diminished residue. Restatement, Property, § 234. The increment, as part of the residue, would be divided equally. Any division of the residue otherwise than equally between appellant and the other children would be purely arbitrary, amounting to the making of a new will by the court.

Many widely differing combinations of fact can be imagined in which the effect of the widow's renunciation of a devise or bequest might result in a substantial distortion among the other testamentary dispositions, and under which, in order to carry out the intent of the testator, there might be occasion for interpreting a gift of part of the residue as a preference. But this will appears to have been framed in response to an intention on the part of the testator that the devise to appellant should not be preferred over those to the other devisees who take under the residuary clause. Nothing at all is placed in the way of carrying out the testator's directions literally.

*By the Court.*—Judgment affirmed.